HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTHER L ALLEY,

        Plaintiff,

v.

CARRINGTON MORTGAGE
SERVICES LLC, et al.,

        Defendants.

CASE NO. C16-1796 RAJ

ORDER

This matter comes before the Court on Defendant Carrington Mortgage Services, LLC's ("Carrington") Motion to Dismiss (Dkt. # 21). For the reasons set forth below, the Court **GRANTS** Carrington's Motion to Dismiss.

**I. BACKGROUND**

As best as this Court can tell, Plaintiff's lawsuit alleges that defendants, either in whole or part, fraudulently or otherwise improperly handled loan procedures related to a loan that Plaintiff failed to make timely payments on, which then resulted in a foreclosure. Dkt. ## 1, 10. On February 8, 2017, Defendants Selene Finance, L.P. and Mortgage Electronic Registration Systems, Inc. moved to dismiss Plaintiffs Complaint or for a more definite statement. Dkt. # 6. On May 25, 2017, the Court granted Plaintiff's

motion to amend her complaint. Dkt. # 11. Plaintiff filed her Amended Complaint on April 21, 2017. Dkt. # 10.

On June 12, 2017, Defendants Selene Finance, L.P. and Mortgage Electronic Registration Systems, Inc. moved again to dismiss Plaintiffs Amended Complaint as to them under Fed. R. Civ. P. 12(b)(6). Dkt. # 12. On February 5, 2018, this Court ruled that "[t]he Amended Complaint does not cure the defects found in Plaintiff's original Complaint . . . [s]pecifically, the Amended Complaint remains too vague to afford Defendants proper notice about the claims and actions for which they are called upon to defend," and noted that her Amended Complaint "remained inadequate." Dkt. # 19. The Court granted the motion to dismiss as to Defendants Selene Finance, L.P. and Mortgage Electronic Registration Systems, Inc. *Id.*[1]

Carrington, as the sole remaining defendant in this lawsuit, moves to dismiss Plaintiff's Amended Complaint on the same grounds as Selene Finance, L.P. and Mortgage Electronic Registration Systems, Inc. Dkt. # 21. Specifically, Carrington asserts that this Court's prior ruling that the Amended Complaint was "too vague to afford Defendants proper notice about the claims and actions for which they are called upon to defend" applies with equal force to Carrington. Dkt. # 21 at 5.

## II. DISCUSSION

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A complaint fails

---

[1] On November 14, 2017, this Court dismissed Defendants First Independent Mortgage Co., Inc., Bank of America, N.A., Recon Trust Co., N.A. and Does 1-100 without prejudice for failure to prosecute. Dkt. # 18.

to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

Here, just as Plaintiff's Amended Complaint failed to state a claim against Selene Finance and Mortgage Electronic Registration Systems, it fails to state a claim as to Carrington. Plaintiff's Amended Complaint does not address what Carrington allegedly did wrong, or what role Carrington played in Plaintiff's alleged harm. It is not clear from Plaintiff's Amended Complaint why Carrington is named in this lawsuit at all, as Plaintiff allege no facts in connection with Carrington. It is not clear what laws Plaintiff refers to, or which defendants, if any, were responsible for any violations. Plaintiff's allegations, even after amendment, remain too vague to afford Carrington, or any other defendant, proper notice about the claim against them.

Plaintiff's Response (Dkt. # 22) does not address Carrington's argument. Instead, it is a nearly word-for-word copy of Plaintiff's previous response to the prior motion to dismiss. *Compare* Dkt. # 15 *with* Dkt. # 22. In its previous Order, the Court noted that this response "merely quotes the language of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and repeats the vague allegations in her Amended Complaint." Dkt. # 19 at 2. This criticism applies with equal force here, to what is essentially the same response. Plaintiff's Response does nothing to cure the terminal vagueness of her Amended Complaint and her failure to allege any sort of cognizable harm or claim against Carrington.

The question then turns to whether to grant Plaintiff leave to amend. Dismissal of a *pro se* complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment. *Terrell v. JPMorgan Chase Bank N.A.*, C14-930 MJP, 2014 WL 5449729, at *1 (W.D. Wash. Oct. 24, 2014) (citing *Flowers v. First Hawaiian*

| 1 | *Bank*, 295 F.3d 966, 976 (9th Cir. 2002)). "A district court, however, does not abuse its
| 2 | discretion in denying leave to amend where amendment would be futile." *Id*. Here,
| 3 | Plaintiff has been afforded an opportunity to amend her Complaint but still does not
| 4 | allege a viable cause of action against any defendant. Throughout these proceedings
| 5 | Plaintiff has not identified any additional basis that would entitle her to any relief.
| 6 | Plaintiff has not given this Court any reason to believe it can state a claim against
| 7 | Carrington. The Court concludes that allowing further amendments would be futile. *See,*
| 8 | *e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) (denial
| 9 | without leave to amend proper where party is put on notice of factual deficiencies in
| 10 | complaint but fails to cure them in amended pleading).

### III. CONCLUSION

For these reasons, the Court **GRANTS** Defendant Carrington Mortgage Services, LLC's Motion to Dismiss (Dkt. # 21). Accordingly, Plaintiff's claims are dismissed as to Defendant Carrington Mortgage Services, LLC with prejudice.

Dated this 23rd day of July, 2018.

The Honorable Richard A. Jones
United States District Judge